# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:21-cr-584-8 |
| | ) | |
| PLAINTIFF, | ) | CHIEF JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| JUSTIN BUSH, | ) | |
| | ) | |
| DEFENDANT. | ) | |

On May 31, 2023, defendant Justin Bush ("Bush") was sentenced to a custody term of 96 months, following his guilty pleas to RICO conspiracy, in violation of 18 U.S.C. § 1962(d); conspiracy to possess with intent to distribute and distribution of cocaine, cocaine base, and fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and 846; and distribution of a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). (Doc. No. 447 (Judgment); *see* Minutes of Proceedings [non-document], 5/31/2023; Doc. No. 446 (Plea Agreement); *see also* Doc. No. 1 (Indictment).) Now before the Court is Bush's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines. (Doc. No. 663 (Motion).) Appointed counsel filed a supplement in support (Doc. No. 680 (Supplement)), and plaintiff United States of America (the "government") filed an opposition to the motion. (Doc. No. 670 (Response).)

The Court employs a two-step approach to deciding whether to reduce a sentence based on a retroactive amendment to the federal sentencing guidelines. First, the Court must consider the

scope of the reduction authorized by the amendment, and then it must consider whether such a reduction is warranted based on the factors set forth in 18 U.S.C. § 3553(a). *Dillon v. United States*, 560 U.S. 817, 826, 130 S. Ct. 2683, 177 L. Ed. 2d 271 (2010) (citing § 3582(c)(2)).

Bush seeks a sentence reduction based on changes to the United States Sentencing Guidelines relating to the treatment of "status points," as set forth in Amendment 821, Part A. (Doc. No. 663, at 1.[1]) He believes that, in light of the change in the law, if he were sentenced today he would receive "a lesser sentence[.]" (*Id*.)  The government insists that Bush is entitled to no relief under Amendment 821 because he was determined at sentencing to be a career offender. (Doc. No. 670, at 1.) Appointed counsel concedes that Bush is classified as a career offender, and further acknowledges that the recent change in the law relative to status points would have no impact on Bush's criminal history category and sentencing guideline range. (Doc. No. 680, at 2.)

Part A of Amendment 821, which now appears in the guidelines at U.S.S.G. § 4A1.1(e), limits the criminal history impact of "status points," decreasing them by 1 point for individuals with 7 or more criminal history points and eliminating status points for those with 6 or fewer criminal history points. *See* U.S.S.G. § 4A1.1(e). The Amendment was given retroactive effect, provided that any order reducing a term of imprisonment based on retroactive application of Amendment 821 have an effective date of February 1, 2024, or later. *See* U.S.S.G. § 1B1.10(e)(2) (Nov. 1, 2023).

At the time of sentencing, the Court determined Bush's base offense level to be 19. (*See also* Doc. No. 438 (Final Presentence Investigation Report ("PSR")), at 9 ¶ 26.) Bush received a

---

[1] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

Chapter Four Enhancement for his status as a career offender, making his offense level 32 pursuant to U.S.S.G. § 4B1.1(b)(3). (*See also id.* at 9 ¶ 32.) He received a three level reduction for acceptance of responsibility, bringing his total offense level to 29. (*See also id.* at 9 ¶¶ 33–35.)

Bush had multiple convictions for aggravated menacing, assault, domestic violence, obstructing official business, and criminal non-support, as well as convictions for attempted robbery, disrupting public services, harassment with bodily substance, and resisting arrest, which collectively scored 13 criminal history points. (*See also id.* at 12–21 ¶¶ 43–45, 48–52, 54, 56–60, 62, 64.) Because Bush committed the instant offenses while he was under a criminal justice sentence, he received 2 additional "status points" under U.S.S.G. § 4A1.1(d). (*See also id.* at 21 ¶ 65.) With a total of 15 criminal history points, the guidelines dictated that he was a criminal history category VI. (*See also id.* at 21 ¶ 66.) Because Bush was a career offender, he was a criminal history category VI for this additional reason. (*See also id.* at 21 ¶ 67.)

The advisory guidelines range at offense level 29, criminal history category VI, was 151 to 188 months. (*See also id.* at 27 ¶ 92.) But the parties entered into a Rule 11(c)(1)(C) agreement, which called for a sentence of 96 months. Notwithstanding the calculated advisory guideline range, in accordance with the binding plea agreement, the Court sentenced Bush to a custody term of 96 months, which resulted in a downward variance of six levels. (Doc. No. 447, at 2.)

Under Part A of Amendment 821, Bush's criminal history score is reduced by 1 to 14, which still corresponds to a criminal history category VI. Moreover, by virtue of his status as a career offender, Bush's criminal history category is still a VI for this separate reason, and his advisory sentencing guideline range remains unchanged. Because his guideline range is undisturbed by the Amendment, he is ineligible for a reduction under Part A of Amendment 821.

3

U.S.S.G. § 1B1.10 app. note 1(A) (stating "a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if . . . an amendment . . . is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline"); *see United States v. Cook*, 870 F.3d 464, 470 (6th Cir. 2017) (recognizing that Sixth Circuit "precedent clearly establishes that a defendant is not eligible for a sentence reduction when the defendant's initial sentence was based on his or her status as a career offender" (citation omitted)); *see, e.g., United States v. Braden*, 643 F. App'x 531, 535 (6th Cir. 2016) (holding that defendant, a career offender, was not eligible for a sentence reduction because the relevant amendment did not lower his applicable guideline range (citation omitted)).

Because the amended guidelines concerning status points would not have affected the calculation of Bush's sentence, he is, therefore, ineligible for a reduction based on Part A of Amendment 821 concerning "status points."[2] *See, e.g., United States v. Baker*, No. 1:11-cr-56, 2024 WL 3639658, at *2 (W.D. Mich. Aug. 2, 2024) (denying a sentence reduction under Part A, Amendment 821, to career offender because the "amended guidelines concerning status points do not affect the calculation of his sentence" (collecting cases)); *United States v. Rodriguez*, No. 3:95-cr-772, 2024 WL 2235518, at *2 (N.D. Ohio May 17, 2024) (similar). Further, because Bush is

---

[2] While recognizing that Bush does not qualify for a reduced sentence under Amendment 821, appointed counsel requests that the Court afford Bush "any reduction of his sentence [the] Court deems appropriate." (Doc. No. 680, at 2.) But the sentencing court has no inherent authority to reconsider and/or modify an otherwise valid sentence. *United States v. Washington*, 584 F.3d 693, 700 (6th Cir. 2009). Instead, the authority of the Court to resentence a defendant is limited by statute. *United States v. Houston*, 529 F.3d 743, 748–49 (6th Cir. 2008) (citing *United States v. Ross*, 245 F.3d 577, 585 (6th Cir. 2001)); *see United States v. Alexander*, 951 F.3d 706, 707 (6th Cir. 2019) ("Generally speaking, once a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute.") Bush has failed to demonstrate that he is entitled to a reduction in sentence under any statute.

ineligible for a sentence reduction based on the Amendment, the Court need not proceed to the second step of evaluating whether the factors under 18 U.S.C. § 3553(a) justify reducing the sentence.[3]

For the foregoing reasons, Bush's motion to reduce his sentence (Doc. No. 663) is denied.

**IT IS SO ORDERED**.

Dated: March 6, 2025

  **HONORABLE SARA LIOI**
  **CHIEF JUDGE**
  **UNITED STATES DISTRICT COURT**

---

[3] Even if the Court proceeded to the second stage, it would not give Bush a sentence reduction. The charges against Bush were serious. Bush was charged in connection with his involvement in a drug trafficking organization known as the "Shorb Blocc" gang, a criminal enterprise "whose members and associates engaged in drug distribution, and acts of violence involving murder, assault, robbery, and witness intimidation" in the Northwest Canton, Ohio area. (Doc. No. 1 ¶ 1.) Bush also has an extensive criminal record that began when he was only 13 years old, spanned more than a quarter century, and included a number of crimes of violence. (*See also* Doc. No. 438, at 10–21.) Prior sentences have failed to impress upon Bush the need to curb his behavior. (*See also id*.) Bush also has a history of parole violations, and he was on community control when he committed the present offenses, leading the Court to question whether he would be willing or able to abide by any terms of release. (*See also id*. at 14, 19–20 ¶¶ 46, 48, 60 65.) Based on the foregoing, the Court would have concluded that a sentence reduction would undermine the need for the sentence imposed to reflect the seriousness of the offenses, promote respect for the law, provide just punishment for the offenses, afford adequate deterrence, and protect the public from further crimes of Bush. Based upon these same facts, the Court would have also found that Bush poses a danger to others, making early release inappropriate.